IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CANDACE W.,<br><br>    Plaintiff,<br><br>vs.<br><br>LELAND DUDEK,[1]<br>Acting Commissioner,<br>Social Security Administration<br><br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*    Civil Action No.  ADC-24-2124 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On July 23, 2024, Candace W. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA" or "Defendant") final decision to deny her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). ECF No. 1. After considering the record in the case, (ECF No. 6) and the parties' briefs, (ECF Nos. 9 & 11) the Court finds that no hearing is necessary.[2] *See* Loc. R. 105.6 (D. Md. 2023). Based on the reasoning outlined in this opinion, Plaintiff's petition (ECF No. 1) is GRANTED AS TO REMAND and the decision of the SSA is REVERSED.

---

[1] Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure Leland Dudek should be substituted for Michelle King as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).
[2] On March 12, 2025, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302.

1

## PROCEDURAL HISTORY

On June 13, 2018 Plaintiff filed a Title II application for DIB, alleging disability since February 17, 2016. ECF No. 6-4 at 3. The claim was denied initially on November 13, 2018, and upon reconsideration on May 24, 2019. ECF No. 6-4 at 15, 31. Thereafter, Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ") on July 24, 2019. ECF No. 6-5 at 18. The hearing took place on May 11, 2020, and the Plaintiff's claim was again denied via a decision issued on May 28, 2020. ECF No. 6-3 at 16-19. However, after appealing to this Court, Plaintiff's case was then remanded back to an ALJ for further proceedings. ECF No. 6-12 at 113.

A new hearing was held on October 27, 2022. ECF No. 6-11 at 45. Plaintiff and a vocational expert testified at the hearing, and Plaintiff was represented by an attorney. *Id.* at 48-49. Then, on November 29, 2022, the ALJ issued a decision finding that Plaintiff was not "disabled" within the meaning of the Social Security Act from February 17, 2016, through September 30, 2021, the date last insured. *Id.* at 32. The ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## STANDARD OF REVIEW

This Court may review the SSA's denial of benefits under 42 U.S.C. § 405(g). *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court's review of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the

evidence rests with the ALJ, not with a reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of nondisability is supported by substantial evidence and based upon current legal standards. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). In a substantial evidence review, the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court must determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDENS OF PROOF

In order to be eligible for DIB, Claimant must establish that she is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. Claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such severity that [she] is not only

unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

**Determining Disability within the Meaning of the Act**

In determining whether Claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step sequential evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. § 404.1520. *See Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). *See* 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ considers Claimant's work activity to determine if she is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If so, Claimant is not disabled. At step two, the ALJ considers whether Claimant has a "severe medically determinable physical or mental impairment [or combination of impairments]" that is either expected to result in death or to last for a continuous twelve months. 20 C.F.R. § 404.1520(a)(4)(ii). If not, Claimant is not disabled. At step three, the ALJ considers whether Claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If so, Claimant is considered disabled, regardless of her age, education, and work experience. *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess Claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 404.1520(e). Claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates Claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once Claimant makes that threshold showing, the ALJ must then evaluate the extent to which the symptoms limit Claimant's capacity to work. *Id.* § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including Claimant's medical history, objective medical evidence, and statements by Claimant. *Id.* § 404.1529(c). The ALJ must assess the credibility of Claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider Claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *3. However, the ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting

effects of symptoms solely because the objective medical evidence does not substantiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support Claimant's subjective evidence of pain "improperly increase[s] [her] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether Claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. § 404.1520(a)(4)(iv). If so, Claimant is not disabled. Where Claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. Claimant has the burden of proof during steps one through four of the evaluation. *See* 20 C.F.R. § 404.1520; *Radford*, 734 F.3d at 291. However, at step five, the burden of proof shifts to the ALJ to prove: (1) that there is other work that Claimant can do, given her age, education, work experience, and RFC, and (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See Hancock*, 667 F.3d at 472–73. If Claimant can perform other work that exists in significant numbers in the national economy, then she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1), 404.1560(c). If Claimant cannot perform other work, she is disabled.

## ALJ DETERMINATION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of February 17, 2016, through her date last insured of September 30, 2021. ECF No. 6-11 at 14. At step two, the ALJ found that Plaintiff had several severe impairments, including: cervical spine degenerative disc

disease and degenerative joint disease, brachial plexus irritation, spinal stenosis, post laminectomy syndrome status post fusion in 2013; right shoulder strain, thoracic spine degenerative disc disease/strain, lumbar spine degenerative disc disease, myofascial pain syndrome, obesity, left eye blindness, optic atrophy, anterior ischemic optic neuropathy, and exotropia; chronic pain syndrome, bilateral calcaneal spurs, right knee arthritis, and chronic fatigue syndrome. ECF No. 6-11 at 14. At step three, the ALJ found that Plaintiff has not had an impairment or combination of impairments that meets or medically equals any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix. ECF No. 6-11 at 17. Before reaching the fourth step, the ALJ determined Plaintiff's RFC and concluded that she retained the capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), except that Plaintiff:

> can occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk two hours in an eight-hour workday, sit for a total of about six hours in an eight-hour workday, never reach overhead with the dominant right upper extremity, frequently reach in all directions (except overhead) with the dominant right upper extremity, frequently reach in all directions (including overhead) with the non-dominant left upper extremity, occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, and never climb ladders, ropes and scaffolds. She must avoid even moderate exposure to extreme cold. She requires a job that can be performed with monocular vision. She requires the ability to alternate between sitting and standing about every 30 minutes.

ECF No. 6-11 at 18. Then, continuing to step four, the ALJ next found that Plaintiff was unable to perform any past relevant work. ECF No. 6-11 at 30. At step five, however, relying on vocational expert testimony, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff can perform. *Id.* The ALJ then

concluded that Plaintiff has not been under a disability from at any time from February 17, 2016, the alleged onset date, through September 30, 2021, the date last insured. *Id.* at 32.

## DISCUSSION

Plaintiff presents two central arguments here: (1) that the ALJ erroneously assessed the Plaintiff's residual functional capacity; and (2) that the ALJ erroneously evaluated the Plaintiff's subjective complaints. *See* ECF No. 9 at 4-30. Defendant disputes Plaintiff's claims, arguing that substantial evidence supports the ALJ's findings related to an RFC for reduced light work with additional limitations, and that substantial evidence further supported the ALJ's evaluation of Plaintiff's subjective complaints. *See* ECF No. 11 at 6-21. For the reasons outlined below, this Court agrees with Plaintiff's second argument here, and finds that the ALJ applied an improper standard when evaluating her subjective complaints. Given this error, this Court will not evaluate additional arguments raised by Plaintiff in her Complaint. However, on remand, the ALJ is welcome to address Plaintiff's additional claims and adjust their decision accordingly.

Here, Plaintiff argues that the ALJ failed to appropriately evaluate her subjective complaints as to the extent her symptoms limited her capacity for work. ECF No. 9 at 22. In their brief, Defendant explains that an ALJ must assess a claimant's statements concerning the intensity, persistence, and limiting effects of their alleged symptoms together with objective medical evidence and factors that include the Plaintiff's treatment history, medications, work history, and daily activities. ECF No. 11 at 18. Defendants further claim that the ALJ did just that in the Plaintiff's case, faithfully applying the standard outlined in 20 C.F.R. § 404.1529(c)(2)-(3). *Id.*

As stated above, this inquiry involves a two-part analysis. Under the first prong of the analysis, the Plaintiff must provide objective medical evidence showing a medical impairment that could reasonably be expected to produce the pain or other symptoms at issue. 20 C.F.R. § 404.1529(b). Next, under the second prong, the ALJ must evaluate the intensity, persistence, and limiting effects of Plaintiff's symptoms to determine the extent that they limit Plaintiff's ability to do basic work activities. *Id.* at (c).

Here, Defendant skillfully argues that the ALJ properly carried out this analysis. ECF No. 11 at 18. However, after reviewing relevant caselaw, the ALJ's opinion, and the administrative record, it's clear that the ALJ applied an improper standard at the second prong here, failing to properly consider Plaintiff's subjective complaints as to the intensity, persistence, and limiting effects of her own symptoms. Specifically, this Court agrees with Plaintiff that the ALJ's error here is strikingly similar to those criticized in recent caselaw from the Fourth Circuit. *See, e.g., Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95-96 (4th Cir. 2020) (concluding that an ALJ improperly discredited a claimant's statements regarding the severity, persistence, and limiting effects of her symptoms because he did not find them "entirely consistent with the objective evidence"); *Oakes v. Kijakazi*, 70 F.4th 207, 217 (4th Cir., June 7, 2023) (finding that an ALJ's failure to properly analyze a claimant's subjective complaints required remand of the case). Here, like the ALJ who committed a reversible error in *Oakes*, "the ALJ never addressed the fact that disability benefits can be awarded on the sole basis of an objective impairment and derivative subjective pain[.]" 70 F.4th at 215.

Furthermore, Plaintiff convincingly argues that the ALJ improperly relied on Plaintiff's ability to do basic living activities as a basis to reject Plaintiff's subjective statements and failed to identify which subjective statements of Plaintiff conflicted with objective medical evidence. ECF No. 9 at 26-27. Again, recent caselaw provides strong support for Plaintiff's arguments here. *See, e.g., Oakes*, 70 F.4th at 216 (reasoning that claimants should not be penalized for attempting to lead normal lives and that an ALJ may not consider the type of activities a claimant can perform without also considering the extent to which they can perform them); *Willis F. v. Kijakazi*, CV No. AAQ 23-00318, 2023 WL 8437229, at *3 (D.Md. December 5, 2023) (concluding that the ALJ failed to build a logical bridge between the evidence and his conclusion when he failed to explain why objective medical evidence was entitled to more weight than Plaintiff's own reports of pain).

In sum, while Defendant correctly explains that an ALJ must assess a Plaintiff's subjective complaints together with other evidence, the ALJ failed to acknowledge that disability benefits can be awarded on the sole basis of an objective impairment and derivative subjective complaints, improperly relied on Plaintiff's daily activities to dismiss her subjective complaints, and otherwise failed to identify which specific statements of Plaintiff's were inconsistent with objective medical evidence. Accordingly, this Court finds that the ALJ's decision fails to meet the standard of review and the case must be remanded.

## CONCLUSION

For these reasons, the Court finds that the ALJ failed to properly consider Plaintiff's subjective complaints. Therefore, based on the foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's petition (ECF No. 1) is GRANTED AS TO REMAND and the decision of the SSA is REVERSED. This case is REMANDED for further proceedings in accordance with this opinion.

Date: 21 March 2025

A. David Copperthite
United States Magistrate Judge